UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STONCOR GROUP, INC.,                         :

                                             :        OPINION AND ORDER

                Plaintiff,                   :        16 Civ. 4574 (LAK) (GWG)

                                             :

    -v.-

                                             :

PEERLESS INSURANCE COMPANY                   :

                                             :

                Defendant.                   :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        Stoncor Group, Inc. and its insurer, First Continental Insurance Company (collectively

"Stoncor") bring this action against Peerless Insurance Company ("Peerless") seeking a

judgment declaring that Peerless must defend, indemnify, and hold harmless Stoncor in a related

state court proceeding, and seeking to recover costs, fees, and expenses associated with that

action. Peerless now brings this motion to stay the instant action pending resolution of the state

court proceeding.[1] For the reasons set forth below, Peerless's motion is granted.

I. BACKGROUND

        In 2008, Cesar Arias filed a lawsuit in state court ("the Arias Action") alleging that on

September 19, 2006, while employed as a kitchen worker, he slipped "on the slippery surface of

the floor" at the Grand Hyatt Hotel located on 42nd Street in New York, New York, and fell,

---

[1] Notice of Motion to Stay, filed May 22, 2018 (Docket # 76) ("Def. Not."); Declaration
of David R. Shyer in Support of Motion to Stay, filed May 22, 2018 (Docket # 77) ("Shyer
Decl."); Memorandum of Law in Support of Motion to Stay, filed May 22, 2018 (Docket # 78)
("Def. Mem."); Affidavit of Michael B. Sena in Opposition to Peerless' Motion to Stay, filed
June 12, 2018 (Docket # 79); Plaintiffs' Memorandum of Law in Opposition to Defendant's
Motion to Stay, filed June 12, 2018 (Docket # 80) ("Pls. Mem."); Reply Memorandum of Law in
Further Support of Peerless' Motion to Stay, filed June 21, 2018 (Docket # 83) ("Def. Reply").

causing him "serious, severe and permanent injuries and disabilities."  Shyer Decl. ¶¶ 2, 5;

Amended Summons and Amended Complaint of Cesar Arias, dated June 10, 2009 (annexed as

Ex. 2 to Shyer Decl.) ("Arias Compl."), ¶¶ 4, 9, 14.  This floor was allegedly manufactured by

Stonhard, which is a division of Stoncor,[2] and installed by a company called Surfacesys Inc.

("Surfacesys").  See Shyer Decl. ¶¶ 4-6 & n.1; Am. Compl. ¶ 9.  Arias's suit names Stonhard

and Surfacesys as defendants, alleging that both "did work on" the floor on which he slipped,

were "negligent in the installation of the floor," and that the "floor was defective, dangerous,

hazardous, unsafe and deficient in design."  Shyer Decl. ¶ 2; Arias Compl. ¶¶ 5-8, 10-11.

Peerless had issued a Commercial General Liability coverage policy to Surfacesys

effective as of September 16, 2006, and expiring on September 16, 2007.  See Peerless Insurance

Commercial General Liability Policy (annexed as Ex. 3 to Shyer Decl.) ("Policy"), at *24.[3]

Although Surfacesys was the named insured under this Policy, the Policy also contained certain

coverage for additional insureds.  See id. at *34-35.  The Policy provided that "additional

insureds" could be covered by "contract, agreement or permit," as long as several conditions

were met.  Id.  First, any contract, agreement, or permit extending coverage to an "additional

insured" must have "been executed . . . prior to the 'bodily injury', 'property damage' or

'personal and advertising injury.'"  Id. at *35.  Second, the injury for which coverage is sought

must be a liability "arising out of: (a) [Surfacesys's] ongoing operations performed for" the

additional insured, or on "[p]remises or facilities owned or used by" Surfacesys.  Id. at *34.

_____

[2] In its amended complaint, Stoncor acknowledges that it was doing business as Stonhard Corp. and does not present any defense that Stoncor and Stonhard are separate legal entities.  See Amended Complaint, filed Aug. 3, 2016 (Docket # 13) ("Am. Compl."), ¶ 1.

[3] Page numbers cited as "*__" refer to the pagination created by the Court's ECF system.

Finally, with respect to injuries arising out of Surfacesys's ongoing operations, an additional insured would be entitled to coverage under the Policy only if the injury did not occur after:

> (1) All work, including materials, parts or equipment furnished in connection with such work, in the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

> (2) That portion of "[Surfacesys's] work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Id. at *35.

Stoncor asserts that pursuant to a "Master Installation Agreement," Surfacesys was required to, and did in fact, name Stoncor as an additional insured under the Policy before Arias suffered his injury. See Am. Compl. ¶¶ 11-12.

The "Master Installation Agreement" also provided that Stoncor "shall not be liable for any loss or casualty incurred or caused by" Surfacesys, and that Surfacesys would hold Stoncor "harmless from any and all liability, costs, damages, attorney's fees and expenses from any claims or causes of action of whatsoever nature arising while on or near the Project, or while performing Contract related work." Master Installation Agreement, dated Sept. 16, 2004 (annexed as Ex. 2 to the Declaration of Paul Franz in Support of Motion for Summary Judgment, filed May 15, 2017 (Docket # 39)) ("Master Installation Agreement"), at 1. Pursuant to these provisions of the Master Installation Agreement, Stoncor brought a cross-claim against Surfacesys in the Arias Action on the ground that Surfacesys must indemnify Stoncor. See Shyer Decl. ¶ 16; Surfacesys's Notice of Motion and Affirmation, dated Dec. 1, 2017 (annexed as Ex. 5 to Shyer Decl.) ("Surfacesys's State Court Motion"), at Affirmation ¶¶ 54-56.

Stoncor brought the instant declaratory judgment action against Peerless in 2016,

claiming that by virtue of the Master Installation Agreement, Stoncor was an additional insured under the Policy that Peerless was obligated to defend, indemnify, and hold harmless in the Arias Action.  See Complaint, filed June 16, 2016 (Docket # 1), ¶¶ 10-12, 14; Am. Compl. ¶¶ 3, 11, 13, 15.  On May 15, 2017, Stoncor moved for partial summary judgment on the issue of whether Peerless "has a duty to defend plaintiffs in" the Arias Action.  Notice of Motion, filed May 15, 2017 (Docket # 37).  Peerless cross-moved for summary judgment, seeking to have plaintiffs' amended complaint dismissed, and seeking a declaration that "Peerless does not have a duty to defend or indemnify" Stoncor in the Arias Action.  See Notice of Motion for Summary Judgment, filed May 15, 2017 (Docket # 38).  One ground that Peerless raised in its motion is that Surfacesys did not execute the "Master Installation Agreement" prior to Arias's injury, and Stoncor thus was not an additional insured.  See Peerless Insurance Company's Memorandum of Law in Support of Motion for Summary Judgment, filed May 15, 2017 (Docket # 40), at 3-11.  Another issue raised was whether Stoncor's and Surfacesys's operations were complete at the time of the accident.  Id. at 11-22.  Judge Lewis A. Kaplan, the district judge in this case, denied these motions by Order dated, March 29, 2018, stating "[t]he record reflects triable issues of fact as to whether an executed agreement existed between Stoncor . . . and Surfacesys, . . . and as to whether Stoncor's and Surfacesys' operations were complete, in each case prior to the incident underlying" the Arias Action.  See Order, filed Mar. 29, 2018 (Docket # 69).

Both Stoncor and Surfacesys have also moved for summary judgment in the Arias Action.  Shyer Decl. ¶15; Surfacesys's State Court Motion.  These motions were marked submitted on April 2, 2018, and are currently sub judice.  See Shyer Decl. ¶ 15.  Surfacesys's motion asserts several bases for summary judgment as to Arias's claims.  See Surfacesys's State Court Motion at Affirmation ¶¶ 23-53.  Of particular relevance to the instant motion, Surfacesys

4

seeks summary judgment as to Stoncor's cross-claim on the ground that Arias's injury occurred both after Surfacesys had completed installation of the floor and before Surfacesys executed the Master Installation Agreement. See id. at Affirmation ¶¶ 54-58.

On May 22, 2018, Peerless filed the instant motion to stay. See Def. Not.

## II. GOVERNING LAW AND APPLICATION

Peerless's motion is imprecise in identifying the legal doctrine it invokes. Its main brief purports to summarize "[g]eneral [s]tay [l]aw," and cites to a mixture of federal and state cases, including cases applying the federal abstention doctrine. See Def. Mem. at 5-9. In its reply brief, it asserts that Stoncor's declaratory judgment action is "unripe" as to the duty to indemnify, and insists that "the federal abstention doctrine is irrelevant to this issue." Def. Reply at 2. Given this lack of clarity, we will examine both the ripeness and federal abstention doctrines.

Stoncor seeks a declaration from this Court that Peerless has a duty to both defend Stoncor in the Arias Action, and to indemnify Stoncor for any liability incurred in that action. See Am. Compl. ¶ 20. The doctrines of ripeness and abstention apply differently depending on the duty at issue, and we thus next describe these two duties before addressing the merits of the stay motion.

### A. Duties to Defend and Indemnify

Under New York law, an "insurer's duty to furnish a defense is broader than its obligation to indemnify." Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 310 (1984).[4] As the

_____

[4] The parties' briefs assume that New York law controls the duties to defend and indemnify. See, e.g., Def. Mem. at 9-15; Pls. Mem. at 9-10. Accordingly, we apply New York law with respect to these duties. See Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such 'implied consent

New York Court of Appeals has explained,

> [t]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be. The duty is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions.

Id. at 310 (citation omitted). By comparison, "the duty to indemnify turns not on the allegations of the complaint but on the actual liabilities as borne out by the facts." Travelers Prop. Cas. Corp. v. Winterthur Int'l, 2002 WL 1391920, at *6 (S.D.N.Y. June 25, 2002). In other words, the insurer's duty to furnish a defense "generally 'is triggered by the filing of a lawsuit,' whereas the duty to indemnify generally 'is triggered by a determination of liability.'" Lafarge Can. Inc. v. Am. Home Assurance Co., 2018 WL 1634135, at *4 (S.D.N.Y. Mar. 31, 2018) (quoting Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 261 (S.D.N.Y. 2013), aff'd, 548 F. App'x 716 (2d Cir. 2013)). We will thus evaluate the duties to defend and indemnify separately for purposes of determining whether Stoncor's claims are ripe, and whether the Court should decide, in its discretion, to exercise jurisdiction over this declaratory judgment action.

    B. Ripeness

        1. Governing Law

A federal court may exercise jurisdiction over an action seeking a declaratory judgment only if there "exists . . . an 'actual controversy.'" E.R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 177 (2d Cir. 2001) (per curiam) (quoting 28 U.S.C. § 2201(a)); see also Jefferson v. Abrams, 747 F.2d 94, 96 (2d Cir. 1984) ("Article III, Section 2 of the United States

---

. . . is sufficient to establish choice of law.'") (alteration in original) (quoting Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989)).

Constitution limits federal court jurisdiction to actual cases and controversies.").  This requires,

among other things, that a dispute be "ripe" for adjudication.  See Nat'l Park Hosp. Ass'n v.

Dep't of Interior, 538 U.S. 803, 808 (2003) ("The ripeness doctrine is drawn both from Article

III limitations on judicial power and from prudential reasons for refusing to exercise

jurisdiction.") (internal quotation marks omitted).  In a declaratory judgment action, the standard

for ripeness is that "there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941); accord Duane Reade, Inc. v. St.

Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005).  The burden of proving that a

dispute is ripe for adjudication lies with the party asserting the claim at issue.  See Renne v.

Geary, 501 U.S. 312, 316 (1991) ("It is the responsibility of the complainant clearly to allege

facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the

exercise of the court's remedial powers.") (internal quotation marks omitted) (quoting Bender v.

Williamsport Area School Dist., 475 U.S. 534, 546 n.8 (1986)).

"In the context of an insurance dispute, a declaratory judgment action may be ripe even if

the insured has not yet incurred any liability."  Lafarge Can. Inc., 2018 WL 1634135, at *3

(internal quotation marks omitted) (quoting Fed. Ins. Co. v. SafeNet, Inc., 758 F. Supp. 2d 251,

262 (S.D.N.Y. 2010)).  As the Second Circuit has explained,

> [t]hat the liability may be contingent does not necessarily defeat jurisdiction of a
> declaratory judgment action.  Rather, courts should focus on "the practical
> likelihood that the contingencies will occur . . . ."  Indeed, litigation over
> insurance coverage has become the paradigm for asserting jurisdiction despite
> "future contingencies that will determine whether a controversy ever actually
> becomes real."

Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992) (citations

omitted). "Thus, where liability is contingent, courts in this circuit traditionally examine the 'practical likelihood' that there will be some type of settlement or judgment against the insurer." Fed. Ins. Co., 758 F. Supp. 2d at 262 (collecting cases).

2. Analysis

Stoncor's action is ripe because it seeks a declaratory judgment regarding Peerless's duty to indemnify. Obviously, the duty to indemnify has not been triggered because Stoncor has not yet been found liable in the Arias Action. See Lafarge Can. Inc., 2018 WL 1634135, at *4. Nevertheless, liability is a sufficiently "practical likelihood" because Stoncor is a defendant in a negligence action in state court that seeks to determine its liability. See Associated Indem. Corp., 961 F.2d at 35; Rosen v. Mega Bloks Inc., 2009 WL 929474, at *3 (S.D.N.Y. Apr. 7, 2009) (finding as ripe an action seeking a declaration that plaintiffs "have no indemnity obligation to [defendants] with respect to any 'past, present and future claims,'" notwithstanding the fact that the claim "involve[d] a future indemnification obligation that may not mature."); Empire Fire & Marine Ins. Co. v. Elrac, Inc., WL 3734308, at *3 (S.D.N.Y. Dec. 18, 2006) (finding ripe an action brought by an excess insurer seeking a judgment establishing that it had no "obligation to provide insurance coverage with regard to the underlying . . . personal injury action" notwithstanding the fact that no judgment for the amount of liability needed to trigger coverage had been reached). Thus, the prospect of liability in that action is not remote, speculative, or hypothetical.

Even more obviously, Stoncor's action is also ripe insofar as it seeks a declaratory judgment concerning Peerless's duty to defend Stoncor in the Arias Action. As already noted, an insurer's duty to defend "is triggered by the filing of a lawsuit." Lafarge Can. Inc., 2018 WL 1634135, at *4. That occurred in this case when the Arias Action was filed in 2008, and as noted

8

in the amended complaint, Stoncor has already incurred costs, expenses, and fees in defending that action. Thus, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to make this action ripe. <u>Md. Cas. Co.</u>, 312 U.S. at 273.

Peerless cites four federal district court cases from the Southern District of New York in support of its argument that a declaratory judgment action regarding an insurer's duty to indemnify is not ripe until liability exists. <u>See</u> Def. Mem. at 6 (citing <u>Lafarge Can. Inc.</u>, 2018 WL 1634135); Def. Reply at 2-3 (citing <u>Fed. Ins. Co. v. Garner</u>, 2016 WL 3554929 (S.D.N.Y. June 20, 2016); <u>Town Plaza of Poughquag, LLC v. Hartford Ins. Co.</u>,175 F. Supp. 3d 93 (S.D.N.Y. 2016); <u>Winterthur Int'l</u>, 2002 WL 1391920)). One of these cases, <u>Winterthur International</u>, is unpersuasive because it relies exclusively on New York state law in finding "the lack of ripeness . . . palpable" and does not discuss the "practical likelihood" standard. <u>See</u> 2002 WL 1391920, at *6. It is settled that "[e]ven in diversity actions, . . . federal law controls the justiciability of declaratory judgment actions." <u>Rosen</u>, 2009 WL 929474, at *2 (citing <u>Fed. Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 352 (3d Cir. 1986)).[5]

<u>Garner</u> does not support Peerless's argument because it does not concern the ripeness doctrine but instead applies the abstention doctrine discussed further below. 2016 WL 3554929, at *7. <u>Town Plaza of Poughquag, LLC</u> did not apply either the ripeness or abstention doctrine, and merely noted <u>in dicta</u> that "[c]ourts considering whether an insurer has a duty to indemnify

---

[5] Peerless's citation to New York state law cases on the issue of justiciability is similarly irrelevant. <u>See</u> Def. Mem. at 5-8, 15 (citing <u>Cordial Greens Country Club, Inc. v. Aetna Cas. & Sur. Co.</u>, 41 N.Y.2d 996, 997 (1977); <u>Prashker v. U.S. Guar. Co.</u>, 1 N.Y.2d 584, 591 (1956); <u>79th Realty Co. v. X.L.O. Concrete Corp.</u>, 247 A.D.2d 256, 257 (1st Dep't 1998); <u>Hout v. Coffman</u>, 126 A.D.2d 973 (4th Dep't 1987)).

on actions for declaratory relief generally decline to rule on the issue of indemnity until liability is determined in the underlying personal injury action." 175 F. Supp. 3d at 100. Lafarge Canada Inc. is inapposite with respect to ripeness given the "complex and ongoing" facts of the underlying mass tort litigation in that case, which involved two separate consolidated waves of approximately 240 lawsuits against various defendants arising from the defendants' use of a substance called pyrrhotite in constructing plaintiffs' homes, allegedly causing defects. See 2018 WL 1634135 at *1-2. There, the federal court hearing the declaratory judgment action noted that the federal plaintiffs' request for a declaratory judgment regarding the insurers' duties to indemnify plaintiffs was not yet ripe because not only was the plaintiffs' liability not yet established, but "other fact-intensive questions such as the number of occurrences" for which the plaintiffs' could be held liable had not yet been established. Id. at *1-2, *5. Here, by contrast, the underlying action concerns only a single plaintiff, and the allegations contained therein are in the nature of a simple slip-and-fall case. Without the factual complexity of Lafarge, the practical likelihood of liability is much greater in this case.

Peerless also cites Westport Insurance Corp. v. Hamilton Wharton Group Inc., 483 F. App'x 599 (2d Cir. 2012) (summary order), in support of the proposition that "[w]here, as here, 'another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties,' it is entirely appropriate for a district court to dismiss a declaratory judgment action." Id. at 604 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995)). In quoting Wilton for this proposition, however, it is obvious for the reasons set forth below that Westport Insurance Corp. concerned abstention and not ripeness.

In sum, we find that this declaratory judgment action is ripe with respect to both the duty to defend and the duty to indemnify.

C.  Wilton/Brillhart Abstention

1.  Governing Law

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  As reflected in the use of the word "may," the Supreme Court has held that "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton, 515 U.S. at 286.  In Wilton, the Supreme Court held that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference[]' if it permitted the federal declaratory action to proceed."  Id. at 283 (first alteration in original) (citation omitted); accord Westport Ins. Corp., 483 F. App'x at 604.  Wilton held that the key inquiry for a district court making this determination is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  Wilton, 515 U.S. at 282 (internal quotation marks omitted) (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1971)).

In making this determination, the Second Circuit has approved of a number of factors that a court may use in deciding whether to exercise its discretion including:

(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty. . . . ([3]) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; ([4]) whether the use of a declaratory judgment would increase friction between sovereign legal

11

systems or improperly encroach on the domain of a state or foreign court; and ([5]) whether there is a better or more effective remedy.

Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359-60 (2d Cir. 2003) (per curiam) (citation omitted); accord Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 105 (2d Cir. 2012).  District courts in this Circuit also consider these additional factors in determining whether abstention is appropriate:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding[;] (5) avoiding duplicative proceedings[;] (6) avoiding forum shopping[;] (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

TIGS Ins. Co. v. Fairchild Corp., 2008 WL 2198087, at *2-3 (S.D.N.Y. May 27, 2008) (alterations omitted) (quoting Nat'l Union Fire Ins. Co. v. Warrantech Corp., 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001)); accord Lafarge, 2018 WL 1634135, at *4; ICBC Standard Sec., Inc. v. Luzuriaga, 217 F. Supp. 3d 733, 739 (S.D.N.Y. 2016).  We will consider both tests in determining whether abstention is warranted here.

Wilton held that when a court exercises its discretion to abstain from resolving a declaratory judgment action, the court may choose either "to stay or to dismiss [the] action," though it emphasized that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."  Wilton, 515 U.S. at 288 & n.2; accord ICBC Standard Sec., Inc., 217 F. Supp. 3d at 739 ("A court exercising discretion to abstain under Wilton may either stay or dismiss the action.").

2. <u>Parallel Proceeding Requirement</u>

Stoncor argues that the abstention is unwarranted here because there are no "parallel proceedings." "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." <u>See</u> <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp</u>, 108 F.3d 17, 22 (2d Cir. 1997). Because Peerless is not a party to the Arias Action, and because insurance coverage is not an issue that will be directly decided in that action, Stoncor is correct that the Arias Action is not a parallel proceeding.

The text of Declaratory Judgment Act, however, does not limit the Court's discretion to abstain from providing such a remedy only when a parallel action exists. Nor did <u>Wilton</u> hold that there must be a directly parallel proceeding before a court could abstain from hearing a declaratory judgment action. Rather, <u>Wilton</u> explicitly declined to "delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." 515 U.S. at 290. Moreover, <u>Wilton</u>'s holding was premised on the notion that a federal court should refrain from issuing declaratory judgments on issues that "can better be settled in the proceeding pending in the state court," <u>id.</u> at 282, which can be true even when the state court action is not a parallel proceeding.

Stoncor correctly notes that <u>Wilton</u> abstention (or what is sometimes referred to as "<u>Wilton/Brillhart</u> abstention" because of an earlier case on the topic, <u>Brillhart</u>) in insurance cases is typically ordered when there is a parallel state or foreign proceeding to which the parties in the federal proceeding are joined. <u>Garner</u>, 2016 WL 3554929, at *7 (collecting cases and noting "[a]lthough 'district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law,' the Court finds that, in those insurance

coverage cases where the court abstained, the insurance company was also a party in the underlying state suit or otherwise likely not amenable to suit in federal court.") (citation omitted). Nevertheless, at least one district court in this Circuit has invoked <u>Wilton</u> abstention where "the factual and legal issues in both cases overlap significantly," even though certain insurers that were parties to the federal action were not involved in the underlying foreign litigation. <u>Lafarge Can. Inc.</u>, 2018 WL 1634135, at *8.

Moreover, cases cited by Stoncor outside this Circuit, including <u>Scottsdale Insurance Co. v. Detco Industries, Inc.</u>, 426 F.3d 994 (8th Cir. 2005), have "allow[ed] the federal district court some, but not complete, discretion in determining whether to dismiss or stay declaratory judgment actions when there are no parallel state court proceedings." <u>Id.</u> at 998 (collecting cases). In fact, in the absence of directly parallel proceedings, the Eighth Circuit in <u>Scottsdale Insurance Co.</u> instructed district courts to consider several factors similar to the ones invoked in this district, including

> (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue"; (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding"; (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"; (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'"; and (6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' — that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'"

<u>Id.</u> at 998-99 (quoting <u>Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.</u>, 139 F.3d 419, 422 (4th Cir. 1998)); <u>see also</u> <u>Essex Ins. Co. v. Foley</u>, 2011 WL 290423, at *2 (S.D. Ala. Jan. 27, 2011) (noting that "some appellate courts have found that <u>Wilton/Brillhart</u> discretion to abstain from

14

hearing a declaratory judgment action is substantially narrowed in the absence of parallel state proceedings, while others have found that the dissimilarities between state and federal actions are simply part and parcel of the Wilton/Brillhart analysis").[6]

Thus, we conclude that even in the absence of parallel state proceedings the proper approach is to apply the same factors we have already described. See Section II.C.1 above.[7]

### 3. Application

In addressing the factors relevant to Wilton abstention, we emphasize that (1) this case contains issues that overlap with those presented in the Arias Action; (2) that Stoncor is a defendant in the Arias Action, and will be bound by any adverse determination of those issues; and (3) the Arias Action will conclusively determine the liability of Stoncor to Arias.

We begin by discussing what issues overlap with respect to Peerless's duty to indemnify and duty to defend before applying the relevant factors.

---

[6] Two other cases Stoncor cites for the proposition that a parallel proceeding is a "threshold inquiry" before determining whether abstention is appropriate, Quest Aviation, Inc. v. NationAir Ins. Agencies, Inc., 2015 WL 1622031, at *6 (D.S.D. Apr. 10, 2015); OHI Asset (CT) Lender, LLC v. Woodland Manor Improvement Ass'n ex rel. Shine, 687 F. Supp. 2d 12, 17 (D.R.I. 2010), are inapposite. The latter made this statement with regard to abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), a different doctrine of abstention than the one applied here. Both these cases note that the lack of a parallel proceeding "does not mean that abs[t]ention under Wilton/Brillhart is precluded." OHI Asset (CT) Lender, LLC, 687 F. Supp. 2d at 24; see also Quest Aviation, Inc., 2015 WL 1622031, at *6 ("When there is not a parallel state court proceeding, a district court has less discretion, guided by the" factors set forth in Scottsdale Insurance Co.).

[7] Although other Circuits have applied slightly different tests where there are no parallel proceedings, see Scottsdale Ins. Co., 426 F.3d at 998-99, it is not necessary to address these tests given their similarity to the one commonly applied in this Circuit. Where there is no parallel proceeding, we will consider this fact when addressing factors such as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; . . . whether the necessary parties have been joined; and . . . whether such parties are amenable to process in that proceeding." TIGS Ins. Co., 2008 WL 2198087, at *2.

Stoncor concedes that "Peerless' obligation to indemnify [Stoncor] in the [Arias] Action may have to await [sic] until the trier of fact determines the issues to be decided in that action," Pls. Mem. at 9, instead arguing that the "gravamen of this action" is the duty to defend, id. at 7. Thus, we do not read Stoncor's memorandum as opposing Peerless's request to stay this proceeding as to its duty to indemnify.

In contrast with the duty to indemnify, the duty to defend "can frequently be resolved without factual investigation" inasmuch as it is ordinarily "decided on the basis of the four co[rn]ers of the underlying complaint and the terms of the insurance policy." Lafarge Can. Inc., 2018 WL 1634135, at *9 (internal quotation marks omitted) (quoting Atl. Cas. Ins. Co., 918 F. Supp. 2d at 261). Where the duty to defend is decided based solely on contract interpretation, Wilton/Brillhart abstention is unwarranted because there is no chance that the state court will decide issues presented to the federal court. See generally Atl. Cas. Ins. Co., 918 F. Supp. 2d at 261 ("Because the duty to defend is often decided on the basis of the four corners of the underlying complaint and the terms of the insurance policy, it can frequently be resolved without factual investigation.").

This case, however, represents the atypical case where the duty to defend is contingent on a factual issue squarely raised in the state court proceeding. As already discussed, Stoncor was an additional insured under the Policy only if the Master Installation Agreement was executed prior to Arias's injury. See Policy at *35; see also Burlington Ins. Co. v. Utica First Ins. Co., 71 A.D.3d 712, 713-14 (2d Dep't 2010) (holding that an insurer was "not obligated to defend and indemnify the plaintiff . . . in the underlying action" where agreement making plaintiff an additional insured under an insurance policy was not executed as required by the insurance policy). That issue is the subject of a factual dispute here, as noted by the district judge in

resolving the parties' motions for summary judgment.  See Order, dated Mar. 29, 2018 (Docket # 69).  This is therefore not a case in which the duty to defend may be resolved by reference to "the four comers of the underlying complaint and the terms of the insurance policy . . . without factual investigation," Lafarge Can. Inc., 2018 WL 1634135, at *9 (internal quotation marks omitted) (quoting Atl. Cas. Ins. Co., 918 F. Supp. 2d at 261), but instead one in which the duty to defend may be determined only by resolving a factual issue.  That factual issue is raised in the Arias Action because in the Master Installation Agreement, Surfacesys agreed to hold Stoncor "harmless from any and all liability, costs, damages, attorney's fees and expenses from any claims or causes of action of whatsoever nature arising while on or near the Project, or while performing Contract related work."  Master Installation Agreement at 1.  Invoking this agreement, Stoncor brought a cross-claim against Surfacesys in the Arias Action on the ground that Surfacesys must indemnify Stoncor.  See Shyer Decl. ¶ 16; Surfacesys's State Court Motion at Affirmation ¶¶ 54-56.  In its motion for summary judgment on this claim in the Arias Action, Surfacesys argued that the Master Installation Agreement was not signed by the proper parties at the time of Arias's injury.  Surfacesys's State Court Motion at Affirmation ¶ 56.  The issue of whether the Master Installation Agreement was executed prior to Arias's injury is thus shared between this case and the Arias Action.

In light of the fact that this issue will be resolved in the state case and goes directly to the existence of a duty to defend, we find that abstention is warranted.  The risk of potentially contradictory fact finding between the state and federal court on this critical issue means that entertaining jurisdiction in this action would not "clarify[] or settl[e] the legal issues involved," Dow Jones, 346 F.3d at 359, but may instead only further confuse them as this Court and the state court may come to differing conclusions as to the date on which the Master Installation

17

Agreement was executed.  See Lafarge Can. Inc., 2018 WL 1634135, at *9 (noting that where risk of contradictory fact-finding existed, "[r]uling prematurely . . . would add confusion, not clarity.").  For the same reason, a judgment here would not "finalize the controversy and offer relief from uncertainty," id. at 359, as litigation over this same issue in the Arias Action would persist between Stoncor and Surfacesys, the latter of whom is not a party here.  Similarly, this same risk of "inconsistent and asymmetrical results" may create friction between this Court and the state court system, particularly in light of the fact that "the parties to the suits are not identical and thus not all bound by the judgment of any given court."  Am. All. Ins. Co. v. Eagle Ins. Co., 961 F. Supp. 652, 658 (S.D.N.Y. 1997); accord Lafarge Can. Inc., 2018 WL 1634135, at *7 ("[T]he potential creation of overlapping, and possibly inconsistent, factual records may well create friction with the [foreign] courts — a possibility that gives this Court serious pause."); see also Dow Jones, 346 F.3d at 359-60 (noting a relevant factor in the abstention analysis is "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court.").  This risk is particularly acute in light of the fact that insurance disputes are almost universally matters of state law, regarding which abstention in favor of the state court is usually warranted.  Travelers Indem. Co. v. Philips Elecs. N. Am. Corp., 2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004) (collecting cases and noting "district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law").

Similarly, many of the factors articulated in TIGS Ins. Co., 2008 WL 2198087, weigh in favor of abstention.  "[T]he scope of the pending state proceeding and the nature of the defenses available" to Surfacesys in the Arias Action with respect to Stoncor's cross-claim, id. at *2, are very similar to the scope of this litigation and the defenses being presented here, as in both cases,

the date of the execution of the Master Installation Agreement is being presented as a defense against indemnification of Stoncor.[8]  See Order, filed Mar. 29, 2018 (Docket # 69); Surfacesys's State Court Motion at Affirmation ¶ 56.  Similarly, even if no inconsistent or contradictory findings are rendered on these issues, this court still has an interest in "avoiding duplicative proceedings," TIGS Ins. Co., 2008 WL 2198087 at *2, which is served by allowing the state court to resolve these issues.  Moreover, this action was filed approximately 8 years after the Arias Action, and thus the "order of filing" weighs in favor of abstention.  Id.  Lastly, the "choice of law" factor weighs in favor of abstention because, as noted earlier, insurance coverage is governed by state law.  Philips Elecs. N. Am. Corp., 2004 WL 193564, at *2; see also TIGS Ins. Co., 2008 WL 2198087, at *2 (noting that the "choice of law" is a relevant consideration in the abstention analysis).

We recognize that not all of the relevant factors weigh in favor of abstention.  For example, because Peerless is not a party to the Arias Action, it cannot be said that "the claims of all parties in interest can satisfactorily be adjudicated in that proceeding," or that "the necessary parties have been joined."  TIGS Ins. Co., 2008 WL 2198087, at *2.  Nevertheless, given the issues presented by adjudicating issues of fact that are also contested at the state court level, this Court would be engaging in "gratuitous interference" with the Arias Action should it allow this

---

[8]  We note that the issue of whether installation of the floor had been completed by the time of Arias's injury is also being presented as a defense against Stoncor's cross-claim in the underlying action and is likewise at issue here.  See Order, filed Mar. 29, 2018 (Docket # 69); Surfacesys's State Court Motion at Affirmation ¶ 54.  However, insofar as Arias's complaint alleges that Surfacesys performed work on the floor "on or prior to" the date of Arias's injury, Arias Compl. ¶ 7, this factual issue presumably would not need to be resolved before Peerless's duty to defend Stoncor in the Arias Action is triggered.  See Seaboard Sur. Co., 64 N.Y.2d at 310 ("The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be.").

declaratory judgment action to proceed. <u>Wilton</u>, 515 U.S. at 283 (alteration omitted). Accordingly, we find that abstention from exercising jurisdiction over this declaratory judgment action with respect to Stoncor's duty to defend claim is appropriate in this case.

Though not of the same complexity, the issue of overlapping questions of fact in this case is similar to <u>Lafarge Canada Inc. v. American Home Assurance Co.</u>, 2018 WL 1634135. There, plaintiffs brought a federal declaratory judgment action against their insurers seeking a declaration regarding the insurers' duties to defend and indemnify plaintiffs in mass tort litigation taking place in Quebec, Canada. <u>Id.</u> at *1. The insurers that were parties in the federal declaratory judgment action were not parties to the underlying Canadian litigation. <u>Id.</u> at *8. Nevertheless, the court abstained from exercising jurisdiction over the plaintiffs' declaratory judgment action — both on the duty to defend as well as indemnify[9] — in part because some of the factual issues implicated in resolving both disputes were identical, thus risking "duplicative or contradictory fact finding — a risk that cautions strongly against the exercise of discretionary jurisdiction for both duties at present." <u>Id.</u> at *9. Similarly here, the risk of duplicative or contradictory fact finding between this action and the Arias Action on certain key issues counsels in favor of abstaining from issuing a declaratory judgment as to either Peerless's duty to defend or indemnify until such issues have been resolved in the Arias Action.

In sum, we find that this Court should abstain from issuing a declaratory judgment as to Peerless's duty to indemnify or defend Stoncor in the Arias Action until the state court proceeding resolves the factual issues discussed above.

---

[9] Although <u>Lafarge Canada Inc.</u> also found that the declaratory judgment action as to the duty to indemnify was not ripe, it nevertheless also reached the issue of abstention as to that duty. <u>See</u> <u>Lafarge Can. Inc.</u>, 2018 WL 1634135, at *3, *5-7.

D.  Waiver

Stoncor argues that Peerless cannot assert the Wilton/Brillhart abstention doctrine

because it has waived that defense.  Pls. Mem. at 8 (citing Esso Standard Oil Co. (Puerto Rico)

v. Rodriguez-Perez, 455 F.3d 1 (1st Cir. 2006); Pelt v. City of New York, 2013 WL 4647500

(E.D.N.Y. Aug. 28, 2013); Mental Hygiene Legal Serv. v. Cuomo, 785 F. Supp. 2d 205

(S.D.N.Y. 2011), vacated, 472 F. App'x 45 (2d Cir. 2012)).  Pelt and Mental Hygiene Legal

Service, however, involved the issue of whether waiver had occurred in the context of abstention

under Younger v. Harris, 401 U.S. 37 (1971).  Pelt, 2013 WL 4647500, at *4 n.5; Mental

Hygiene Legal Service, 785 F. Supp. 2d at 221.  This doctrine relies on considerations

completely different from those in Wilton.  See, e.g., Sprint Commc'ns, Inc. v. Jacobs, 571 U.S.

69, 78 (2013) (Younger abstention applies only in cases involving (1) ongoing state criminal

prosecutions; (2) state civil proceedings akin to criminal prosecutions; and (3) civil proceedings

implicating a State's interest in enforcing the orders and judgments of its courts).  While we

question whether "waiver" is the appropriate term — see Kontrick v. Ryan, 540 U.S. 443, 458

n.13 (2004) (waiver is the "intentional relinquishment or abandonment of a known right")

(internal quotation marks omitted) (quoting United States v. Olano, 507 U.S. 725, 733 (1993))

— we accept that a delay in raising a Wilton/Brillhart abstention argument might counsel in

favor of proceeding with a declaratory action.  We see no reason to so hold here, however,

because there has not yet been a binding adjudication of any dispositive factual or legal issue and

Stoncor has not shown how staying this matter would result in any unfairness to it.

Stoncor also cites Esso Standard Oil Co. (Puerto Rico), 455 F.3d 1, for the proposition

that abstention may be waived.  Id. at 6.  However, it is not clear what form of abstention was

sought in that case.  Moreover, the defendants in that case raised the waiver argument "for the

first time . . . in a reply to an opposition to one of their motions for reconsideration" and after the case had already been decided on the merits. Id. Here, the merits of this action remain unresolved.

In sum, we conclude that Peerless has not waived its Wilton/Brillhart abstention argument.

III. CONCLUSION

For the reasons set forth above, Peerless's motion to stay (Docket # 76) is granted. The parties shall report to the Court when the state court has adjudicated any of the issues relevant to this case so that the Court may determine whether the stay should continue.

SO ORDERED

Dated: August 15, 2018
     New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge