**JAFFE & ASHER** LLP

ATTORNEYS AT LAW

600 THIRD AVENUE
NEW YORK, NY 10016-1901
212-687-3000
TOLL FREE 888-625-9895

ESTABLISHED 1974
WWW.JAFFEANDASHER.COM

PLEASE RESPOND TO WHITE PLAINS OFFICE

445 HAMILTON AVENUE, SUITE 405
WHITE PLAINS, NY 10601
TEL 212-687-3000
FAX 914-437-8076

January 29, 2021

**VIA ECF**

Hon. Gabriel W. Gorenstein, U.S.M.J.     **MEMORANDUM ENDORSEMENT**
United States District Court
Southern District Of New York
500 Pearl Street
New York, NY 10007

    Re:    Stoncor Group, Inc. d/b/a Stonhard Corp. and First Continental Insurance
             Co. v. Peerless Insurance Company
             Civ. Action No.    :    16-Civ-4574-LAK-GWG

Dear Judge Gorenstein:

        Our firm represents defendant PEERLESS INSURANCE COMPANY ("Peerless") in the above-referenced action. We submit this application pursuant to Rule 2 of your Honor's Individual Practices for a conference to address a motion to disqualify Michael B. Sena, Esq. from appearing as an advocate (including as trial counsel) in this matter because he is a witness on a significant issue of fact before this Court and to seek permission to subpoena Mr. Sena's deposition.

        One of the issues before this Court, assuming a duty to defend exists, is the amount of defense costs reasonably and necessarily incurred for the defense of the underlying action entitled Cesar Arias v. Stonhard, Inc. and Surfacesys, Inc., Index No. 301716/2008, which was brought pending in the Supreme Court of the State of New York, Bronx County (the "Underlying Action"). Mr. Sena was both lead counsel in the Underlying Action and he is lead counsel in the instant action.

        Plaintiffs STONCOR GROUP, INC. d/b/a STONHARD CORP. and FIRST CONTINENTAL INSURANCE CO. (collectively, "Stoncor") has previously conceded that they are not entitled to attorneys' fees incurred in the prosecution of this coverage suit. They do not seek such relief in their complaint, and New York law is clear in this regard. Stein, LLC v. Lawyers Title Ins. Corp., 100 A.D.3d 622, 622–23, 953 N.Y.S.2d 303, 304 (2d Dep't 2012). To that end, Mr. Sena's firm billed the Underlying Action separately from the instant action. For example, with respect to the Underlying Action, Mr. Sena's firm's invoices contained the reference "Arias, Cesar v. StunCor Group" or, as corrected, "Arias, Cesar v. StonCor Group, Inc." Attached as Exhibit "A" the earliest and latest invoices containing such reference produced by Stoncor. The invoices produced with reference to the Underlying Action total the sum of $170,814.20.

CALIFORNIA        FLORIDA        GEORGIA        NEW JERSEY        TEXAS

Hon. Gabriel W. Gorenstein, U.S.M.J.
January 29, 2021
Page 2

      More recently, in updating their damages claim, Stoncor produced a spreadsheet that it represented as payments for the defense of the Underlying Action as totaling $330,360.70. We requested the invoice back-up for this vastly increased claim. On January 20, 2021, Stoncor produced the additional invoices. We learned that Stoncor is now attempting to pursue attorneys' fees in connection with the prosecution of the instant coverage action, which explains the vastly increased damages claim. These invoices contain the reference "Stoncor Group Inc. and First Continental Service Corp. v. Peerless Insurance Company." An example of one such invoice is annexed hereto as Exhibit "B".

      When I pointed out to Mr. Sena that the January 20, 2021 production included invoices for the prosecution of this coverage action, Mr. Sena responded by Email on January 20, 2021 as follows:

> There are a few invoices mixed in for the DJ action by mistake. We are not seeking recover [sic] of payments for the prosecution of the DJ action.

Mr. Sena confirmed that position by Email on January 24, 2021. However, he continued to submit invoices with the reference "Stoncor Group Inc. and First Continental Service Corp. v. Peerless Insurance Company" as part of this case. When further questioned on the issue, Mr. Sena responded by Email on January 24, 2021, specifically discussing the invoice annexed hereto as Exhibit "B" and stating as follows:

> The last invoice relates to the defense of a Stonhard witness who was called to testify about Stonhard documents. Her testify was relevant to the underlying case as well so I think it is part of this case. Why don't you go thru the invoices and identify those you object to and let's see if we can agree on them. Then if you want a witness, you can have one.

When further questioned, Mr. Sena further advised by Email on January 26, 2021, that plaintiffs' damages claims on the duty to defend claim include the following:

> time spent in preparing, defending or conducting the depositions of Neill, Sigall, DiBenedetto, Caswell and the plaintiff in this case. It is our position that time expended for those depositions is recoverable because those depositions could have been used at trial in the underlying case and in fact many of them were used in the motions for summary judgment.

We disagree with Stoncor's factual position. However, as Mr. Sena was the lead counsel for both the Underlying Action and the instant action, and the invoices mostly involve his personal work, he is a key witness in this matter and we seek his deposition. Moreover, he should not be allowed to argue the issues as an unsworn witness.

Hon. Gabriel W. Gorenstein, U.S.M.J.
January 29, 2021
Page 3

> Rule 3.7(a) of the Rules of Professional conduct provides as follows:
>
> Lawyer As Witness (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless: (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal.

Federal Courts look to this rule as guidance in determining whether to disqualify a client. Noval Williams Films LLC v. Branca, 128 F. Supp. 3d 781, 791 (S.D.N.Y. 2015). The exception for "testimony that relates solely to the nature and value of legal services rendered in the matter" does not apply here because the value of attorneys' fees at issue relates to services provided in the Underlying Action and not in this matter. Russ & Russ, P.C. v. Chuang, 54 Misc. 3d 1209(A), 52 N.Y.S.3d 248 (N.Y. Sup. Ct. 2017); Kantrowitz, Goldhamer & Graifman, P.C. v. Ayrovainen, 122 A.D.3d 908, 997 N.Y.S.2d 479, 480 (2d Dep't 2014). Indeed, Mr. Sena needs to be disqualified because he will be a key witness on the issues and not just called to identify documents. See Giuffre v. Dershowitz, 410 F. Supp. 3d 564, 581 (S.D.N.Y. 2019). Another attorney from his firm may assume advocacy responsibility.

Accordingly, Mr. Sena should be precluded from acting as an advocate in any further activities in this matter, and this Court should grant us permission to take Mr. Sena's deposition.

We thank your Honor for the Court's attention to this matter.

Respectfully submitted,

Marshall T. Potashner

MTP/mtp
Encl.
Cc:   Michael Sena, Esq. (w/o encl.)

16-cv-04574-LAK-GWG   Document 112

MEMORANDUM ENDORSEMENT

As the Second Circuit held in McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1314 (2d Cir. 1993), while "an action to recover attorneys' fees pursuant to a contract presents traditional common-law contract issues which should be submitted to a jury, . . .  the subsequent determination of the amount of attorneys' fees owed presents equitable issues of accounting which do not engage a Seventh Amendment right to a jury trial" (emphasis added).  The purpose of the "witness-advocate" disqualification rule is largely geared to interference with the jury function.  See Ramey v. Dist. 141, Intern. Ass'n of Machinists and Aerospace Workers, 378 F.3d 269, 283 (2d Cir. 2004) (referring to concern that testimony by the advocate will interfere with "the jury's ability to find facts") (citation and quotation marks omitted).  Because there will be no jury trial on the issue of attorney's fees, there is no real danger of counsel's continuing representation tainting the trial.  See U2 Home Ent., Inc. v. Tan, 2001 WL 823701, at *1 (S.D.N.Y. July 23, 2001) ("In view of the fact that this appears to be a non-jury case, the likelihood of trial taint by virtue of any violation of the witness-advocate rule seems small.").  Indeed, given the nature of attorney fee determinations, the "accounting" required by McGuire is unlikely to involve a trial at all.  The application to disqualify counsel is denied.

As for any request to depose counsel, this application is denied without prejudice to a new application, if necessary, compliant with paragraph 2.A of the Court's Individual practices.  As part of the conferral process, the parties should certainly attempt to see if the information needed can be provided in some form other than deposition testimony.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

February 4, 2021