UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

STONCOR GROUP, INC., d/b/a STONHARD
CORP., and FIRST CONTINENTAL
INSURANCE COMPANY,

                    OPINION AND ORDER

          Plaintiffs,

                    16 Civ. 4574 (LAK) (GWG)

   -v.-

PEERLESS INSURANCE COMPANY,

         Defendant.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court are two motions in limine. One motion was filed by defendant Peerless Insurance Company ("Peerless").[1] The other motion was filed by plaintiffs Stoncor Group, Inc., which does business as "Stonhard Corp." (collectively, "Stoncor") and First Continental Insurance Company ("First Continental").[2] For the reasons stated below, both motions are denied.

---

[1] See Peerless's Notice of Motion in Limine, filed August 2, 2021 (Docket # 137); Peerless's Memorandum of Law in Support of Motion in Limine (Docket # 138) ("Def. Mem"); Plaintiffs' Memorandum of Law in Opposition to Peerless's Motion in Limine, filed August 9, 2021 (Docket # 142) ("Pl. Opp."); Peerless's Reply Memorandum in Support of Motion in Limine, filed August 12, 2021 (Docket # 145) ("Def. Rep.").

[2] See Plaintiffs' Notice of Motion in Limine, filed August 2, 2021 (Docket # 139); Plaintiff's Memorandum of Law in Support of Motion in Limine, dated August 2, 2021, annexed as Exh. 12 to Plaintiffs' Notice of Motion in Limine ("Pl. Mem."); Declaration of Marshall T. Potashner in Opposition to Plaintiffs' Motion in Limine, filed August 9, 2021 (Docket # 140) ("Potashner Decl."); Peerless's Memorandum of Law in Opposition to Plaintiffs' Motion in Limine, filed August 9, 2021 (Docket # 141) ("Def. Opp."); Plaintiffs' Reply Memorandum of

I. BACKGROUND

    A. The Underlying Personal Injury Action

In 2008, Cesar Arias filed a complaint against Stoncor in New York State Supreme Court. See Verified Complaint of Cesar Arias, dated January 28, 2008, annexed as Exh. A to Potashner Decl. This action alleged that Arias slipped and fell on a floor at the Grand Hyatt Hotel on September 19, 2006, suffering "permanent injuries and disabilities." Id. ¶¶ 8, 10. The complaint alleged that, "[o]n or prior to September 19, 2006," Stoncor "did work on the floor" and had negligently installed the floor. Id. ¶¶ 4, 5. It also alleged that the floor "was defective, dangerous, hazardous, unsafe and deficient in design, in that the floor was slippery in its surface." Id. ¶ 7.

Arias filed an amended complaint in state court in 2009, in which he named both Stoncor and Surfacesys, Inc. ("Surfacesys") as defendants. See Amended Summons and Amended Complaint of Cesar Arias, dated June 10, 2009, annexed as Exh. B to Potashner Decl. ("Arias Compl."). The amended complaint added the allegation that Surfacesys "did work on the floor" on or prior to September 19, 2006, and that it negligently installed the floor. Id. ¶¶ 7, 8.

It is now undisputed that Stoncor manufactured the floor and Surfacesys installed it. See Declaration of Paul Franz in Support of Peerless's Motion for Summary Judgment, filed May 15, 2017 (Docket # 39) ("Franz Decl."), ¶ 13; Plaintiffs' Rule 56.1 Statement, filed May 16, 2017 (Docket # 48), ¶¶ 7, 24. At the time Surfacesys performed the installation work, it held a commercial general liability policy from Peerless. See Peerless Insurance Commercial General Liability Policy, annexed as Exh. 3 to Declaration of David R. Shyer in Support of Motion to

---

Law in Support of Plaintiffs' Motion in Limine, filed August 17, 2021 (Docket # 150) ("Pl. Rep.").

Stay, filed May 22, 2018 (Docket # 77) ("Policy"), at *24.  While Surfacesys was the named insured for that policy, id., plaintiffs maintain that an agreement between Surfacesys and Stoncor provided that Stoncor was eligible for coverage under the policy if certain conditions were met, see Amended Complaint and Demand for Jury Trial, filed August 3, 2016 (Docket # 13) ("Amended Compl."), ¶¶ 10-11; Master Installation Agreement, dated September 16, 2004, annexed as Exh. 2 to Franz Decl., at 1.[3]

The Peerless policy provided that any additional insured was eligible for coverage "only with respect to liability arising out of: . . . [Surfacesys's] ongoing operations performed for that person or organization."  Policy at *34 (emphasis added).  In a similar vein, the policy stated that any additional insured would not receive coverage for bodily injuries occurring after "[a]ll work, including materials, parts or equipment furnished in connection with such work, in the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed."  Id. at *35 (emphasis added).

In May 2008, after Arias filed suit in state court, Stoncor "demand[ed] that Peerless assume the defense and indemnity of Stoncor" in the action brought by Arias.  See Tender Letter, dated May 13, 2008, annexed as Exh. 3 to Declaration of Michael B. Sena, filed August 17, 2021 (Docket # 146).  Peerless never provided coverage of any kind.  Instead, pursuant to an insurance

---

[3]  Peerless has maintained that Surfacesys did not execute the Master Installation Agreement, see Peerless's Memorandum of Law in Support of Motion for Summary Judgment, filed May 15, 2017 (Docket # 40), at 3-11, and Judge Kaplan has held that a triable issue of fact exists "as to whether an executed agreement existed between Stoncor . . . and Surfacesys," Order of March 29, 2018 (Docket # 69) ("SJ Order").  Surfacesys's policy provided coverage for additional insureds only if a "contract, agreement, or permit extending coverage" to that additional insured was executed prior to the injury for which coverage is sought.  Policy at *34-35.

policy not at issue in this matter, First Continental paid for the costs of defending Stoncor in the Arias matter, including through trial and appeal. See, e.g., Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed January 29, 2021 (Docket # 113), at 1, 4.

In 2016, before the state court action went to trial, Stoncor filed the complaint in this action seeking to be indemnified by Peerless for any liability and to recover Stoncor's costs, attorney's fees, and expenses associated with Stoncor's defense in the state court action. See Complaint, filed June 16, 2016 (Docket # 1). An amended complaint added First Continental as a co-plaintiff. See Amended Compl. ¶ 3. Following some discovery, Stoncor filed a motion for partial summary judgment on the issue of whether Peerless had a duty to defend Stoncor in the Arias matter. See Notice of Motion, filed May 15, 2017 (Docket # 37). Peerless cross-moved for summary judgment declaring that it had no duty to defend Stoncor and no duty to indemnify Stoncor for any costs and damages arising from the Arias matter. See Motion for Summary Judgment, filed May 15, 2017 (Docket # 38). Judge Kaplan denied both motions, concluding that "[t]he record reflects triable issues of fact as to whether an executed agreement existed between [Stoncor] and Surfacesys . . . and as to whether Stoncor's and Surfacesys's operations were complete, in each case prior to the incident underlying the Arias case." SJ Order. Later, discovery was stayed pending disposition of the state court action. See Stoncor Group, Inc. v. Peerless Ins. Co., 322 F. Supp. 3d 505 (S.D.N.Y. 2018).

On December 7, 2020, the parties reported that the state court action had concluded with the Appellate Division granting summary judgment for Stoncor and Surfacesys, and dismissing the state court action. See Status Report, filed December 7, 2020 (Docket # 104), at 2. Peerless then filed a motion to dismiss Stoncor as a party, on the ground that First Continental had made Stoncor whole, and to dismiss Stoncor's claim for declaratory relief. See Report and

Recommendation, filed June 2, 2021 (Docket # 129), at 10. The Court dismissed plaintiffs' declaratory judgment claim because the resolution of the state court action eliminated any need for prospective relief, but denied Peerless's motion to dismiss Stoncor as a party. See id. at 9-14; Order of June 23, 2021 (Docket # 131).

      C. The Instant Motions

Stoncor now moves in limine to exclude any evidence relating to the topic of whether the project was completed or ongoing at the time of the accident. Peerless moves in limine to exclude evidence that Surfacesys, Peerless's named insured, performed work at the site of the Arias accident after September 19, 2006.

II. LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." Highland Cap. Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quotation omitted). Evidence challenged in a motion in limine "should only be precluded when it is clearly inadmissible on all possible grounds." S.E.C. v. Tourre, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) (quotation omitted). Nonetheless, "a court's decision on the admissibility of evidence on a motion in limine may be subject to change when the case unfolds . . . because the actual evidence changes from that proffered by the movant." Wilder v. World of Boxing LLC, 220 F. Supp. 3d 473, 479 (S.D.N.Y. 2016) (quotation omitted).

III. DISCUSSION

    A. Stoncor's Motion in Limine

Stoncor's motion in limine seeks to exclude all evidence relating to the issue of whether Surfacesys's work was completed at the time of the accident. This evidence consists of "the job file generated by [Stoncor], and other related documents . . . as well as the testimony of present and former employees of [Stoncor] regarding those documents, as well as that of Jeffrey Caswell, former president of [Surfacesys.]" Pl. Mem. at 1. Peerless seeks to use this evidence to show that Surfacesys's work was finished by the time of the accident. Def. Opp. at 1-2. Peerless argues that it had no duty to defend — and thus can avoid liability — if it shows that the work was no longer ongoing. See id. at 2; Policy at *34-35. In response, Stoncor essentially argues that no evidence at all may be offered on the topic of whether Surfacesys's work was ongoing. Pl. Mem. at 1. It argues that under New York law, the duty to defend must be judged based only on the allegations of the underlying state court complaint (which makes no allegation that the work was completed) and that Peerless's evidence amounts to "extrinsic evidence," which may not be used to defeat Peerless's duty to defend its insureds. Id. While Stoncor acknowledges that extrinsic evidence may be admitted for this purpose in limited circumstances — such as where the insurer seeks to prospectively limit its duty to defend — it argues that such circumstances are not present here. Id. at 3-8.

Peerless's opposition notes that Stoncor moved for summary judgment on the ground that Peerless had a duty to defend simply based on the allegations of the complaint in the state court action. Def. Opp. at 1, 5. Judge Kaplan denied that motion, ruling that there were "triable issues of fact as to whether . . . Stoncor's and Surfacesys'[s] operations were complete" prior to the accident. SJ Order. Peerless thus argues that the order denying summary judgment necessarily

"held that the complaints themselves did not trigger a duty to defend, and thus was giving Stoncor an opportunity to show that facts outside of the complaints trigger a duty to defend." Def. Opp. at 4. As a result, Peerless argues, Judge Kaplan's ruling necessarily permits extrinsic evidence on the issue of whether operations were complete and is the "law of the case." Id. at 5-6. Plaintiffs argue that the ruling "did not resolve the issue of what evidence should be deemed admissible" at trial and that the evidence being offered is "non-relevant." Pl. Rep. at 4.

We agree with Peerless that Judge Kaplan's decision cannot be squared with the argument plaintiffs make here. In Stoncor's motion for summary judgment, the parties raised before Judge Kaplan the issue of whether an insurer could rely upon extrinsic evidence to defeat its duty to defend. See Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, filed May 15, 2017 (Docket # 42), at 12-15; Peerless's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment, filed June 15, 2017 (Docket # 50), at 31-32. If Stoncor's argument were correct — that is, that Peerless may not offer any evidence at all regarding whether operations were complete and the issue should be resolved based solely on the allegations in the state court complaint — then either Stoncor or Peerless would have been granted summary judgment on the duty-to-defend issue in Judge Kaplan's Order. In other words, Judge Kaplan would not have ruled that there was a "triable issue[]" on the question of whether the plaintiffs' operations were "complete." SJ Order. Rather, he would have ruled that there was no need for a trial at all. The only way to read Judge Kaplan's ruling, therefore, is that in denying Stoncor's motion for summary judgment, he was rejecting its underlying premise: namely, that a factfinder need not determine whether Stoncor's and Surfacesys's operations were complete. Because this ruling is the law of the case, we will adhere to it. See Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) ("when a court has ruled on an issue, that decision should

generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise") (internal quotation marks omitted).  Thus, the motion in limine to exclude evidence unquestionably relevant to this "triable issue[]" is denied.

    B.  <u>Peerless's Motion in Limine</u>

After the accident, Surfacesys, working on behalf of Stoncor, re-finished the floor with a different texture — a period of work that the parties refer to as the "second project."  <u>See</u> Deposition of Anthony DiBenedetto, dated December 2, 2016, annexed as Exh. 8 to Declaration of Marshall T. Potashner in Support of Motion for Summary Judgment, dated May 15, 2017 (Docket # 46) ("Potashner SJ Decl."), at 84-88; Contract for Kitchen Re-Coat with Texture #3, dated October 2, 2006, annexed as Exh. 19 to Potashner SJ Decl.  Peerless's motion in limine seeks to prevent plaintiffs "from introducing at trial any evidence concerning the second project changing the texture of the floor," and "any evidence concerning whether the operations of [Surfacesys] were ongoing or complete on September 19, 2006, at the location of the loss at issue."  Def. Mem. at 1.  Peerless maintains that evidence concerning the "second project" is inadmissible under Fed. R. Evid. 403 as it would confuse and mislead the jury as to whether Surfacesys's work was "ongoing" at the time of the accident.  <u>Id.</u> at 5-7.  Peerless also argues that introducing evidence of the second project would violate the prohibition on evidence of post-accident corrective measures.  <u>Id.</u> at 9.  Finally, Peerless argues that the doctrine of laches bars introduction of the "second project" evidence because the long delay between the accident and plaintiffs' initiation of the present suit has prejudiced Peerless's defense inasmuch as the memories of Surfacesys's employees have faded and various records have since been destroyed.  <u>Id.</u> at 10-12.

First, the doctrine of laches has no application here. Plaintiffs' claim is for breach of contract. See Amended Compl. at 5, ¶¶ 22, 24. Indeed, Peerless has previously recognized that plaintiffs have pled a breach of contract claim. See Peerless's Reply Memorandum of Law in Support of Amended Motion to Dismiss and/or Strike, filed February 3, 2021 (Docket # 115), at 1, 3. Laches, however, is an equitable doctrine. See Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 678 (2014) ("laches is a defense developed by courts of equity" and courts are "cautioned against invoking laches to bar legal relief"). Thus, the doctrine has no bearing on the breach of contract claim brought in this case. See Deutsche Bank Tr. Co. Ams. v. Rado Ltd. P'ship, 2019 WL 4038761, at *7 (S.D.N.Y. Aug. 27, 2019) ("the doctrine of laches does not provide a defense to a claim of damages for breach of contract"), aff'd, 819 F. App'x 66 (2d Cir. 2020). Moreover, the elements of laches are not met here inasmuch as "[l]aches within the term of the statute of limitations is no defense at law," United States v. Mack, 295 U.S. 480, 489 (1935), and Peerless makes no argument that plaintiffs failed to initiate this action within the statute of limitations, see Liberty Mut. Fire Ins. Co. v. Hamilton Ins. Co., 356 F. Supp. 3d 326, 335 (S.D.N.Y. 2018) ("under New York law, a claim for failure to defend accrues when the underlying action terminates.").

Peerless cites case law holding that admission of "post-accident corrective measures" and "subsequent remedial measure[s]" is improper and repeatedly argues that the "second project" was such a measure. See Def. Mem. at 5, 7, 9. But it then denies in its reply brief that the evidence should be barred under the "admissibility of remedial measures doctrine." See Def. Rep. at 1. Accordingly, we will not consider the doctrine further except to note that Fed. R. Evid. 407, which sets forth the doctrine, plainly does not apply inasmuch as the proffered

evidence is not being offered for any of the prohibited purposes listed in that rule, such as to prove negligence.

Peerless's remaining argument seems to boil down to its contentions that (1) the evidence is not "relevant" under Fed. R. Evid. 401 — a rule Peerless never actually cites; and (2) if the evidence is relevant, it should not be admitted under Fed. R. Evid. 403.  Rule 401 provides that evidence is relevant if  "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Rule 403, even if proffered evidence is relevant, it may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As already noted, Judge Kaplan has already held that there is a genuine issue of fact as to whether Surfacesys was engaged in "ongoing" work at the time of the accident.  See SJ Order. Because the second project occurred after the accident, plaintiffs intend to argue that the existence of the work that formed the second project was part of the "ongoing" work covered by the term "ongoing" in the insurance policy.  See Pl. Opp. at 2 ("this evidence is directly relevant to whether the subject accident . . . occurred in the course of [Surfacesys's] 'ongoing operations,' a term not defined in the Peerless insurance policy").  We do not see how we can determine now that such evidence is irrelevant to the factfinder's determination of this issue.  A reasonable factfinder might conclude that, even though the projects were generated through separate contracts, they were part of the "ongoing operations" of Surfacesys at the location of the accident.  Plaintiffs state that they intend to persuade the factfinder that the two projects were part of the same "operations" inasmuch as they were performed "by the same entity, in the same