UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STONCOR GROUP, INC., d/b/a STONHARD
CORP., and FIRST CONTINENTAL INSURANCE
CO.,

                        Plaintiffs,

          -against-                                   16-cv-4574 (LAK)(GWG)

PEERLESS INSURANCE COMPANY,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Nearly two months after entry of the Judgment in this case (Dkt 208), defendant moves, pursuant to Fed. R. App. 4(a)(5) and 4(a)(6) and Local Civil Rule 7.1(d), for an extension of time to file a notice of appeal (Dkt 210) (the "Motion"). Counsel for defendant claims that he failed to file a timely notice of appeal because he did not receive the ECF notice of the entered Judgment.[1] Even accepting *arguendo* all of defendant's factual claims, I decline to exercise my discretion in favor of defendant under either rule.

        The pertinent facts are simple. On September 29, defendant's counsel signed a stipulation regarding the amount of the judgment and prejudgment interest to be entered on the Court's decision after trial (Dkt 206). Later that same day, Magistrate Judge Gorenstein endorsed the stipulation and directed the Clerk to enter the contemplated judgment (Dkt 207). Defendant's counsel does not deny that he received an ECF notice of Judge Gorenstein's order, which called for entry of the judgment and left nothing remaining in the case other than the ministerial act of entering said judgment. On September 30, just one day later, the Clerk entered the Judgment (Dkt 208). Evidently, neither defendant's counsel nor any of his associates checked the docket sheet of this case for nearly two months because defendant's counsel first was apprised of the Judgment on Friday, November 25 when he received correspondence from opposing counsel.[2] Defendant filed this

---

[1]     Dkt 210, at 1.

[2]     Dkt 210, at 1.

2

motion on the following Monday, November 28.

The Court provides extensive notice to counsel regarding their duty to check the docket sheet regularly, which of course would prevent exactly what defendant's counsel says occurred here. The Individual Practices of the undersigned specify that "[c]ounsel are responsible for knowledge of all rulings and other papers regardless of whether they receive electronic or written notice thereof."[3] Similarly, the District's Electronic Case Filing Rules and Instructions inform counsel of their "duty . . . to regularly review the docket sheet of the case in order not to miss a filing . . . ."[4]

Defendant requests relief under Rule 4(a)(5), which permits a district court to extend the time to file a notice of appeal if the party seeking an extension "shows excusable neglect or good cause."[5] The "good cause" standard applies when the need for an extension arises from factors outside the control of the movant, whereas the "excusable neglect" standard applies when those factors are within the movant's control.[6] The "good cause" standard is inapplicable here because the need for an extension arises from movant's failure to heed the notices of this Court. As to "excusable neglect," the Court of Appeals has taken a "hard line" in applying this standard, and it is expected that a party claiming "excusable neglect" will lose in the ordinary course.[7] I decline to find "excusable neglect," given that movant should have expected – and indeed did expect[8] – the entry of judgment promptly following the stipulation counsel signed on September 29. Nevertheless, defendant's counsel and his associates failed to check the docket for nearly two months despite this Court's instructions to do so.

---

[3] *See* Hon. Lewis A. Kaplan, Individual Rules of Practice, at 3, http://www.nysd.uscourts.gov/sites/default/files/practice_documents/LAK%20Kaplan%20Individual%20practices%20_%204.18.2020.pdf.

[4] *See* U.S. District Court, Southern District of New York, Electronic Case Filing Rules and Instructions, at § 13.14, http://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020221101%20FINAL.pdf ("In ECF cases parties are alerted to case activity by a Notice of Electronic Filing (NEF) sent by email. However, e-mail is not infallible. It remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case in order not to miss a filing . . . ."); *id.*, at § 19.6 (same).

[5] *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021).

[6] *Id.*, at 142.

[7] *Id.*

[8] Dkt 210, at 1 (referring to the Judgment as "expected").

In the alternative, defendant requests relief under Rule 4(a)(6), which permits the court to reopen the time to file a notice of appeal if (1) the moving party "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment" (2) the motion was filed within 180 days after entry of the judgment and (3) no party would be prejudiced.[9] Even if the requirements of Rule 4(a)(6) are met, a court may exercise its discretion to deny a motion to reopen time to appeal.[10] Assuming *arguendo* that the requirements are met, I decline to exercise discretion in favor of movant because it was at fault for the failure to file a timely notice of appeal.[11]

Defendant's letter motions for an extension of time to file a notice of appeal (Dkt 210) and for oral argument (Dkt 213) are denied.

SO ORDERED.

Dated:     December 9, 2022

                                                     Lewis A. Kaplan
                                               United States District Judge

---

[9] Fed. R. App. P. 4(a)(6).

[10] *See Martinez v. Lamanna*, 2021 WL 1759924, at *4 (S.D.N.Y. May 4, 2021) ("In exercising this discretion, the court 'place[s] particular emphasis on whether the moving party was at fault for his or her failure to file an appeal within the required time.'" (quoting *Ramirez v. Comm'r of Soc. Sec.*, 2019 WL 6213176, *3 (S.D.N.Y. Nov. 21, 2019))); *see also id.*, at *4 ("The court may exercise its discretion to deny a motion under Fed. R. App. P. 4(a)(6) when the 'failure to receive Civil Rule 77(d) notice was entirely and indefensibly a problem of its counsel's making, and Rule 4(a)(6) was not designed to reward such negligence.'" (quoting *In re Worldcom*, 708 F.3d. 327, 340 (2d Cir. 2013))).

[11] *See id.*